UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CHRISTINA STENSLAND, Individually, and as Administrator of the ESTATE OF CADE STENSLAND, and as Guardian for minor children, C.S. B.S., and E.S., <br><br> Plaintiff, <br><br> vs. <br><br> CAVALLO BUS LINES, INC., CAVALLO BUS LINES, LLC, <br><br> Defendants. | FILE #: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, CHRISTINA STENSLAND, Individually, and as Administrator of the ESTATE OF CADE STENSLAND, and as Guardian for minor children C.S., B.S., and E.S. (hereinafter "Plaintiff"), by and through her attorneys of record, and for her Complaint against Defendant, states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Christina Stensland (hereinafter "Plaintiff") is domiciled in and is a citizen of the State of Iowa with an address of 1620 Arthur Avenue, Larchwood, Iowa 51241.

2. On January 25, 2018, Plaintiff Christina Stensland was duly appointed and qualified as Administrator of the Estate of Cade Stensland in the Iowa District Court for Lyon County.

3. C.S., B.S., and E.S. are the minor children of Cade Stensland and Plaintiff Christina Stensland, and are citizens of the State of Iowa residing with their mother Christina Stensland.

4. Defendant Cavallo Bus Lines, Inc. is an Illinois corporation with a principal address of 509 Illinois Ave., Gillespie, IL 62033. At all times material hereto, Cavallo Bus Lines, Inc. owned and operated a transportation company which transported passengers to destinations within the United States.

5. Defendant Cavallo Bus Lines, LLC is a Delaware limited liability company with a principal address of 509 Illinois Ave., Gillespie, IL 62003. Cavallo Bus Lines, LLC owned and operated a transportation company which transported passengers to destinations within the United States. Defendants will be collectively referred to as "Cavallo".

6. Kristie Monigan (hereinafter "driver") was the driver of the Cavallo bus at the time of the events giving rise to this action. Ms. Monigan was an employee of Cavallo and acting within the scope of her employment at all times relevant to the events giving rise to this action.

7. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) in that:

    a. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), excluding interest and costs; and

    b. The parties are completely diverse. The parties are citizens of different states and no plaintiff is a citizen of the same state as any defendant; specifically, Plaintiff Christina Stensland is a citizen of the State of Iowa; and Defendants Cavallo Bus Lines, Inc. and Cavallo Bus Lines, LLC are citizens of the State of Illinois.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the events giving rise to the claims herein occurred in this judicial district. The incident which is the subject matter of this Complaint occurred on Interstate 90 in Pennington County, South Dakota.

## NATURE OF THE ACTION

9.      This is a wrongful death action on behalf of Plaintiff against Defendant Cavallo Bus Lines for negligently causing the death of Cade Stensland

10.     As set forth fully below, Defendants' negligent actions caused the death of Cade Stensland.

11.     The Defendants failed to follow the South Dakota state statutes, reasonable safety practices, safety procedures, and safety standards, and those failure(s) resulted in the death of Cade Stensland.

## FACTS

12.     On December 21, 2017, at approximately 8:30 p.m., a Cavallo Bus Lines, Inc. tour bus (hereinafter "bus") owned and operated by Cavallo was traveling eastbound on Interstate 90 near mile marker 79 in Pennington County, South Dakota, when it lost power, including its lights.

13.     The Cavallo bus driver steered the bus to the middle of the two east-bound lanes of Interstate 90 and coasted to a stop. The bus remained stopped on I-90 with no lights on.

14.     Cade Stensland lawfully drove a van eastbound on Interstate 90 in Pennington County, South Dakota.

15.      Mr. Stensland's vehicle struck the rear portion of the Defendants' unlit stopped bus.

16. When Mr. Stensland's vehicle collided with the Cavallo bus, the bus moved forward before coming to a final rest.

17. Cade Stensland sustained fatal injuries in the crash.

18. At all times relevant, Cavallo owned, operated, controlled, and/or otherwise maintained and regulated the bus involved in the crash.

19. Cavallo employs individuals to regulate, control, inspect, maintain and operate its tour buses.

20. Cavallo had a duty to regulate, control, maintain and/or otherwise operate the bus in a reasonable manner with due care for the foreseeable damages which result from a deviation from the standard of care for operating a tour bus.

## **COUNT ONE - NEGLIGENCE**

21. Plaintiff incorporates by reference each and every paragraph set forth herein.

22. Cavallo owns, operates, controls and maintains its tour buses.

23. Cavallo and its employees are responsible for the control, operation, regulation, safety and maintenance of its buses.

24. Cavallo and its employees have the duty to use reasonable care in the control, regulation, maintenance and safety of the public in the operation of its buses.

25. On December 21, 2017, Cavallo and its employees controlled, operated and maintained the bus involved in this matter in a negligent, careless, and improper manner, including, but not limited to:

    a. Operating its bus in a negligent manner;
    b. Failing to be knowledgeable in the safe operation of its bus;
    c. Maintaining its bus in a negligent manner;
    d. Failing to properly inspect the electrical system on the bus;
    e. Failing to properly maintain the electrical system on the bus;

      f.      Failure to adhere to prudent safety standards when inspecting, maintaining, controlling and operating the bus;
      g.      Failing to employ proper practices and professionals in inspecting, maintaining, and operating the bus; and
      h.      Failing to properly instruct, train and supervise its bus drivers as to safe driving practices.

26. Cavallo's bus driver operated the bus in a negligent manner and failed to follow safe driving practices to protect the public from harm.

27. As a result of the negligent acts of Cavallo and its employees, the unlit bus stopped in the middle of the highway, causing the wrongful death of Cade Stensland.

28. Cavallo's negligence has caused Plaintiff's damages as set forth herein.

## DAMAGES

Cavallo's and its employee's negligent acts caused damage to Plaintiff as follows:

      a.      The wrongful death of Cade Stensland;
      b.      Loss of money, goods, and services from the decedent;
      c.      Loss of companionship with the decedent;
      d.      Loss of advice, assistance, society, and protection that would have been given by the decedent to his family;
      e.      Loss of counsel and guidance that decedent would have given had decedent lived;
      f.      Loss of instruction and education that the decedent would have reasonably given to his children; and
      g.      Funeral and burial expenses.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, for all damages incurred by Plaintiff as a result of Defendants' negligence, and other relief as justice requires or as this Honorable Court deems fit to provide under principles of law and equity; plus costs and prejudgment interest.

## PLAINTIFF REQUESTS TRIAL BY JURY

Dated this  20th  day of August, 2018.

                                                            Gregory A. Eiesland  
                                                            JOHNSON EIESLAND LAW OFFICES, PC  
                                                            *Attorneys for Plaintiff*  
                                                            4020 Jackson Boulevard, Suite 1  
                                                            Rapid City, SD 57702  
                                                            (605) 348-7300