UNITED STATES DISTRICT COURT
DISTRICT COURT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CHRISTINA STENSLAND, Individually, and as the Administrator of the ESTATE OF CADE STENSLAND, and as Guardian for C.S., B.S. and E.S., <br><br> Plaintiff, <br><br> vs. <br><br> CAVALLO BUS LINES, INC., and CAVALLO BUS LINES, LLC, <br><br> Defendants, <br><br> -AND- <br><br> CAVALLO BUS LINES, INC., and CAVALLO BUS LINES, LLC, <br><br> Third-party plaintiffs, <br><br> MOTOR COACH INDUSTRIES INTERNATIONAL, INC., and MOTOR COACH INDUSTRIES, INC. <br><br> Third-party defendants. | CIV. 18-5062-JLV <br><br><br><br><br><br><br><br><br><br> **THIRD-PARTY DEFENDANTS' ANSWER AND COUNTERCLAIM** |

Third-Party Defendants, Motor Coach Industries International, Inc. and Motor Coach Industries, Inc., (collectively "MCI"), by and through their attorney, Terry L. Hofer, Bangs McCullen Law Firm, answer Defendants' and Third-Party Plaintiffs', Cavallo Bus Lines, Inc. and Cavallo Bus Lines, LLC (collectively "Cavallo") Complaint, as follows:

MCI denies each and every allegation, matter and thing contained in Cavallo's Complaint, except those matters which are specifically admitted or

qualified, and Cavallo's Complaint fails to state a claim upon which relief can be granted.

## PARTIES

1. Plaintiff Christina Stensland is domiciled in and is a citizen of the state of Iowa with an address of 1620 Arthur Avenue, Larchwood, Iowa 51241.

>ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 1.

2. On January 25, 2018, Plaintiff was duly appointed and qualified as Administrator of the Estate of Cade Stensland in the Iowa District Court for Lyon County.

>ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2.

3. C.S, B.S, and E.S. are the children of Cade Stensland and Plaintiff and are citizens of the state of Iowa residing with their mother, the Plaintiff.

>ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 3.

4. At all times relevant to this action, Defendant Cavallo Bus Lines, Inc., was an Illinois corporation with a principal address of 509 Illinois Ave., Gillespie, IL 62033. At all times material to this action, Defendant Cavallo Bus Lines, Inc., owned and operated a transportation company which transported passengers to destinations within the United States.

>ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 4.

5. At all times relevant to this action, Defendant Cavallo Bus Lines, LLC, was an Illinois limited liability company with a principal address of 509

Illinois Ave., Gillespie, IL 62033. At all times material to this action, Defendant Cavallo Bus Lines, Inc., owned and operated a transportation company which transported passengers to destinations within the United States.

> ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 5. Defendant Cavallo Bus Lines, LLC alleges in the first sentence that it is an "Illinois limited liability company" but previously admitted in its Answer to Plaintiff Stensland's Complaint that it is a "Delaware limited liability company." Defendant Cavallo Bus Lines, LLC alleges in the second sentence that Defendant Cavallo Bus Lines, Inc. owned and operated a transportation company, which appears to refer to an incorrect entity. Defendant Cavallo Bus Lines, LLC fails to allege the citizenship of each of its members and to this extent, MCI denies.

6. Upon information and belief, Third-Party Defendant Motor Coach Industries International, Inc., is a Delaware Corporation with a principal place of business at 200 East Oakton Street, Des Plaines, IL 60018.

> ANSWER: MCI admits Paragraph 6.

7. Upon information and belief, Motor Coach Industries, Inc., is a Delaware Corporation with a principal place of business at 200 East Oakton Street, Des Plaines, IL 60018. Both entities will hereinafter be collectively referred to as "MCI".

> ANSWER: MCI admits Paragraph 7.

## JURISDICTION

8. Jurisdiction is based upon diversity of citizenship in accordance with 28 U.S.C. § 1332 (a)(1).

> ANSWER: MCI admits that Defendants and Third-Party Plaintiffs claim federal subject matter jurisdiction based on diversity

of citizenship, which claim is a legal conclusion, and otherwise denies.

9. This third-party complaint is made and filed in accordance with Rule 14(a) of the Federal Rules of Civil Procedure.

>   ANSWER: MCI admits that Defendants and Third-Party Plaintiffs filed its Third-Party Complaint pursuant to the Court's October 22, 2018 Order [Document 12] based on Fed. R. Civ. P. 14, and otherwise denies.

## GENERAL ALLEGATIONS

10. On December 21, 2017, at approximately 8:30 p.m., a Cavello Bus Lines, Inc., tour bus (hereinafter "bus") owned and operated by Cavallo was traveling eastbound on Interstate 90 near mile marker 79 in Pennington County, South Dakota, when it abruptly lost power, including its lights.

>   ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10.

11. The bus was a Motor Coach Industry J4500, with a Unit Number of 66377 (the "bus"), manufactured by MCI.

>   ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11.

12. Upon information and belief, the driver, Ms. Kristie Monaghan, unintentionally activated the "Master Power Switch" (or ignition switch) and moved it to the off position.

>   ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12.

13. This in turn caused the bus to lose power.

>   ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 13.

14. The bus, as designed, has a defective design in that the "Master Power Switch," has both a physical design defect and an electronic design defect.

ANSWER: MCI denies Paragraph 14.

15. The physical design of the "Master Power Switch" allows for easy, unintentional activation.

ANSWER: MCI denies Paragraph 15.

16. Likewise, the bus lacked the adequate warnings and instructions concerning the "Master Power Switch's" (a) identification, (b) functionality, (c) proper use, and (d) warnings about foreseeable misuse.

ANSWER: MCI denies Paragraph 16.

17. The defective design and/or inadequate warning allowed an unintentional activation of the subject ignition switch.

ANSWER: MCI denies Paragraph 17.

18. As a result of the power loss, the bus came to a stop in the middle of the two eastbound lanes of Interstate 90.

ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 18.

19. Concurrently, Mr. Stensland was also traveling eastbound on Interstate 90 in Pennington County, South Dakota.

ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 19.

20. Mr. Stensland's vehicle, a Ford Econoline E250, struck the rear portion of the unlit, stopped bus.

ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 20.

21. Mr. Stensland sustained fatal injuries in the crash.

ANSWER: MCI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 21.

22. But for the unintentional activation of the subject ignition switch, this accident would not have occurred.

ANSWER: MCI denies Paragraph 22.

## COUNT ONE OF THIRD-PARTY COMPLAINT AGAINST MCI; CONTRIBUTION

23. Defendant and Third-Party Plaintiffs reallege paragraphs 1-22 as if specifically set forth herein.

ANSWER: MCI realleges its responses in Paragraphs 1-22 as if specifically set forth herein.

24. Plaintiff has sued alleging that Cavallo is liable to Plaintiff for the injuries caused to and death of Mr. Stensland allegedly resulting from the bus losing power.

ANSWER: MCI admits Plaintiff filed a Complaint and Demand for Jury Trial [Document 1] August 20, 2018 but otherwise denies.

25. If Cavallo is found to be liable to Plaintiff for any damages, which liability is expressly denied, such liability would arise from the acts or omissions of MCI. Any joint liability between the parties would be disproportionate in terms of fault so as to render inequitable an equal distribution between them of common liability. Therefore, Cavallo is entitled to a determination of the relative degrees of fault and contribution from MCI.

ANSWER: MCI denies Paragraph 25.

# COUNT TWO OF THIRD-PARTY COMPLAINT AGAINST MCI: STRICT LIABILITY (DEFECTIVE DESIGN)

26. Defendant and Third-Party Plaintiffs reallege paragraphs 1-25 as if specifically set forth herein.

ANSWER: MCI realleges its responses in Paragraphs 1-25 as if specifically set forth herein.

27. MCI, as manufacturer of the bus, is strictly liable for the physical harm caused by the bus's defective design.

ANSWER: Motor Coach Industries International, Inc. denies that it was a manufacturer of the subject bus and MCI otherwise denies the allegations in Paragraph 27.

28. The bus, as designed, and as a result of the defective design of the "Master Power Switch" alleged herein, was in a defective condition unreasonably dangerous to the user or consumer.

ANSWER: MCI denies Paragraph 28.

29. The bus, as designed, and as a result of the defective design of the "Master Power Switch" alleged herein, was in this defective condition when it left MCI, the manufacturer.

ANSWER: MCI denies Paragraph 29 and specifically denies that Motor Coach Industries International, Inc. was a manufacturer of the bus.

30. The "Master Power Switch" was defectively designed because, despite controlling critical vehicle functions, it was identical (or nearly identical) in size, shape, and manner of operation as several other switches on the same switch panel in the bus.

ANSWER: MCI denies Paragraph 30.

31. The "Master Power Switch" was defectively designed because, despite the fact that it was not necessary to be actuated while the bus was in motion, it was not easily visible by the bus driver while operating the bus, and was positioned in close proximity to other switches that MCI should have reasonably foreseen would have had to be actuated by the bus driver during ordinary over-the-road operation of the bus.

ANSWER: MCI denies Paragraph 31.

32. The "Master Power Switch" and related systems were defectively designed because actuation of the switch from the "ON" to "OFF" position, even while the bus was in motion, resulted in a complete shutdown of the bus's electrical system, including exterior lighting.

ANSWER: MCI denies Paragraph 32.

33. The "Master Power Switch" was defectively designed because it required such little force to actuate that it was reasonably foreseeable that it could and would be inadvertently actuated by a bus driver.

ANSWER: MCI denies Paragraph 33.

34. The foreseeable risks of harm posed by the defectively designed "Master Power Switch" could have been reduced or avoided by MCI's adoption of a reasonable alternative design that included alternate physical switch designs, alternate switch locations, and/or an alternate manner of operation.

ANSWER: MCI denies Paragraph 34.

35. The omission of this alternative design rendered the product not reasonably safe.

ANSWER: MCI denies Paragraph 35.

36. The defective design made or rendered the product unreasonably dangerous.

ANSWER: MCI denies Paragraph 36.

37. This defective design was the cause of the damages suffered by the Plaintiff.

ANSWER: MCI denies Paragraph 37.

## COUNT THREE OF THIRD-PARTY COMPLAINT AGAINST MCI: STRICT LIABILITY (FAILURE TO WARN)

38. Defendant and Third-Party Plaintiffs reallege paragraphs 1-37 as if specifically set forth herein.

ANSWER: MCI realleges its responses in Paragraphs 1-37 as if specifically set forth herein.

39. A danger existed associated with a foreseeable use of the bus as designed.

ANSWER: MCI denies Paragraph 39.

40. An inadequate warning was given regarding the danger associated with the design of the "Master Power Switch." No warning was provided to foreseeable end users regarding the dangers associated with the design or operation of the "Master Power Switch" on the bus.

ANSWER: MCI denies Paragraph 40.

41. Users were not warned that inadvertent operation of the "Master Power Switch" while the bus was being driven down the road would result in a complete and total shutdown of the critical electrical systems, including engine operation and exterior lighting.

ANSWER: MCI denies Paragraph 41.

42. Similarly, users were not warned that the "Master Power Switch" was nearly identical in location, appearance, and manner of function as several other oft-used switches on the bus.

>  ANSWER: MCI denies Paragraph 42.

43. As a result of the lack of adequate warnings, the bus, and "Master Power Switch" were rendered defective and unreasonably dangerous.

>  ANSWER: MCI denies Paragraph 43.

44. This defective and unreasonably dangerous condition existed at the time it left the control of the manufacturer, MCI.

>  ANSWER: MCI denies Paragraph 44 and specifically denies that Motor Coach Industries International, Inc. was a manufacturer of the bus.

45. The bus and "Master Power Switch" were expected to and did reach Cavallo without a substantial unforeseeable change in the condition that it was in when it left the MCI's control.

>  ANSWER: MCI denies Paragraph 45.

46. This defective condition was the legal cause of Mr. Stensland's injuries.

>  ANSWER: MCI denies Paragraph 46.

## COUNT FOUR OF THIRD-PARTY COMPLAINT AGAINST MCI: NEGLIGENT DESIGN

47. Defendant and Third-Party Plaintiffs reallege paragraphs 1-46 as if specifically set forth herein.

>  ANSWER: MCI realleges its responses in Paragraphs 1-46 as if specifically set forth herein.

48. MCI owed a duty to use the amount of care in the design of its bus and the "Master Power Switch" that a reasonably careful manufacturer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

**ANSWER:** MCI admits that Cavallo claims a legal duty as described in Paragraph 48 but legal duty and its scope are questions of law requiring legal conclusions and otherwise denies.

49. MCI is negligent due to the failure to fulfill and breach of this duty.

**ANSWER:** MCI denies Paragraph 49.

50. MCI knew or should have known of the likelihood and severity of the potential harm associated with the defective product.

**ANSWER:** MCI denies Paragraph 50.

51. The negligent design was the proximate and actual cause of Mr. Stensland's injuries and death.

**ANSWER:** MCI denies Paragraph 51.

52. Mr. Stensland suffered damages as a result of MCI's defective design.

**ANSWER:** MCI denies Paragraph 52.

## COUNT FIVE OF THIRD-PARTY COMPLAINT AGAINST MCI: NEGLIGENT FAILURE TO WARN

53. Defendant and Third-Party Plaintiffs reallege paragraphs 1-52 as if specifically set forth herein.

**ANSWER:** MCI realleges its responses in Paragraphs 1-52 as if specifically set forth herein.

54. Injury could have been reasonably anticipated if an adequate warning was not given for Cavallo's reasonably foreseeable use of the bus and "Master Switch" as designed.

**ANSWER: MCI denies Paragraph 54.**

55. MCI owed a duty to give adequate warning of known or reasonably anticipated dangers of the bus and "Master Power Switch."

**ANSWER: MCI denies Paragraph 55.**

56. MCI breached this duty.

**ANSWER: MCI denies Paragraph 56.**

57. The danger or potentiality of this danger was not obvious or actually known to Cavallo or Plaintiff.

**ANSWER: MCI denies Paragraph 57.**

58. This failure to warn was the cause of the Plaintiffs damages and Mr. Stensland's injuries and death.

**ANSWER: MCI denies Paragraph 58.**

59. MCI affirmatively alleges state of the art, compliance with industry standards, contributory negligence, assumption of the risk, misuse, waiver, warranty, lack of duty, jurisdiction, contribution, indemnity and set off based on indemnity and assigned account obligations.

## COUNTERCLAIM—INDEMNITY

For its Counterclaim against Defendants and Third-Party Plaintiffs, Cavallo Bus Lines, Inc. ("Cavallo Inc.") and Cavallo Bus Lines, LLC ("Cavallo LLC"), Third-Party Defendant and Counterclaimant, Motor Coach Industries, Inc., ("MCI Inc."), by and through its attorney, Terry L. Hofer, Bangs McCullen Law Firm, alleges:

60. MCI Inc. realleges its response to Paragraph 7 above.

61. On or about December 2012, MCI Inc. entered into an agreement with Cavallo Inc. and Cavallo LLC to purchase certain buses, MCI 2013 Intercity Coach Model J4500.

62. As part of their purchase obligations, Cavallo Inc. and Cavallo LLC agreed to defend, indemnify and hold harmless MCI Inc. from and against any and all claims and damages, including attorney fees, resulting from, arising out of or in connection with Cavallo Inc.'s and Cavallo LLC's negligence.

63. In this case, Plaintiff Stensland alleges Cavallo Inc. and Cavallo LLC were negligent causing the December 21, 2017 collision between the bus and van resulting in wrongful death damages.

64. To this extent, Cavallo Inc. and Cavallo LLC must defend and indemnify MCI Inc. and their failure to do so is a breach of Cavallo Inc.'s and Cavallo LLC's agreement to indemnify.

65. As a result of Cavallo Inc.'s and Cavallo LLC's failure and breach, MCI Inc. has sustained and will sustain damages.

## COUNTERCLAIM—SET OFF

For its Counterclaim against Defendants and Third-Party Plaintiffs, Cavallo Bus Lines, Inc. ("Cavallo Inc.") and Cavallo Bus Lines, LLC ("Cavallo LLC"), Third-Party Defendant and Counterclaimant, Motor Coach Industries, Inc., ("MCI Inc."), by and through its attorney, Terry L. Hofer, Bangs McCullen Law Firm, alleges:

66. MCI Inc. realleges its response to Paragraph 7 above.

67. During 2017-18, Cavallo Inc. and Cavallo LLC ordered and received service and parts from, and in exchange incurred debt and account obligations to, MCI Service Parts, Inc. and MCI Sales and Service, Inc., in the respective amounts of $222,234.84 and $3,796.01.

68. On or about November 6, 2018, MCI Service Parts, Inc. and MCI Sales and Service, Inc., as assignors, assigned to MCI Inc., as assignee, in an intercompany assignment, Cavallo Inc.'s and Cavallo LLC's unpaid debt and account receivable obligations and claims against Cavallo Inc. and Cavallo, LLC, in the respective amounts of $222,234.84 and $3,796.01.

69. After notice and demand, Cavallo Inc. and Cavallo LLC have failed to pay these debt and account receivable obligations and claims.

70. Cavallo Inc. and Cavallo LLC owe MCI Inc. these debt and account receivable obligations and claims in the respective amounts of $222,234.84 and $3,796.01.

71. As a result of Cavallo Inc.'s and Cavallo LLC's breach and failure to pay, MCI Inc. has incurred damages.

WHEREFORE, Third-Party Defendants, Motor Coach Industries International, Inc. and Motor Coach Industries, Inc., and Counterclaimant Motor Coach Industries, Inc., pray for relief as follows:

1. For Judgment in favor of MCI and against Cavallo dismissing on the merits and with prejudice Cavallo's Third-Party Complaint;

2. For Judgment in favor of MCI Inc. and against Cavallo Inc. and Cavallo LLC, jointly and severally, for indemnity in an amount of compensatory damages including attorney fees to be determined by the trier of fact;

3. For Judgment in favor of MCI Inc. and against Cavallo Inc. and Cavallo LLC, jointly and severally, on account obligations in an amount of $222, 234.84 and $3,796.01 plus interest;

4. For costs, disbursements, prejudgment interest and post judgment interest and attorney fees; and

5. For such other and further relief as the Court deems just under the circumstances.

Dated this 13th day of December, 2018.

BANGS, McCULLEN, BUTLER,
FOYE & SIMMONS, L.L.P.


By: /s/ *Terry L. Hofer*
Terry L. Hofer
Attorneys for Third-Party Defendants
333 W. Blvd., Ste. #400
P.O. Box 2670
Rapid City, SD 57709
(605) 343-1040

## CERTIFICATE OF SERVICE

I certify that on December 13, 2018, I served copies of this document upon each of the listed people by the following means:

[ ] First Class Mail [X] ECF
[ ] Hand Delivery [ ] Electronic Mail

| Greg A. Eiesland | J. Crisman Palmer |
|---|---|
| JOHNSON EIESLAND LAW OFFICES | GUNDERSON, PALMER, NELSON & ASHMORE, LLP |
| 4020 Jackson Blvd., #1 | P.O. Box 8045 |
| Rapid City, SD 57702 | Rapid City, SD 57709 |
| Phone: (605) 348-7300 | Phone: (605) 342-1078 |
| geiesland@aol.com | cpalmer@gpna.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants and Third-Party Plaintiffs* |

/s/ *Terry L. Hofer*
Terry L. Hofer