## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| **CHRISTINA STENSLAND,** Individually, and as the Administrator of the **ESTATE OF CADE STENSLAND,** and as Guardian for **C.S., B.S.,** and **E.S.**, <br><br> *Plaintiff,* <br><br> v. <br><br> **CAVALLO BUS LINES, INC.,** and **CAVALLO BUS LINES, LLC**, and **NEW YORK MARINE AND GENERAL INSURANCE COMPANY**, <br><br> *Defendants and Third Party Plaintiffs,* <br><br> v. <br><br> **MOTOR COACH INDUSTRIES INTERNATIONAL, INC.**, and **MOTOR COACH INDUSTRIES, INC.** and **DOE CORPORATIONS 1-5,** <br><br> *Third-Party Defendants.* | FILE # CIV:18-5062 <br><br> **CAVALLO'S AND NYMARINE'S ANSWERS IN RESPONSE TO MOTOR COACH INDUSTRIES INTERNATIONAL, INC.'S, AND MOTOR COACH INDUSTRIES, INC.'S FIRST AMENDED COUNTERCLAIMS** |

Cavallo Bus Lines, Inc., and Cavallo Bus Lines, LLC, (collectively "Cavallo"), and New York Marine and General Insurance Company as Subrogee of Cavallo (hereinafter "NYMARINE"), for their Answers in Response to Motor Coach Industries International, Inc.'s and Motor Coach Industries, Inc.'s (collectively "MCI Inc."), First Amended Counterclaims, state and allege as follows:

1

## ANSWERS TO MCI'S COUNTERCLAIMS

## COUNTERCLAIM ONE - CONTRACTUAL INDEMNITY

93. MCI Inc. realleges its response to Paragraph 8 above.

   **ANSWER: NYMARINE and Cavallo admit Paragraph 93.**

94. On or about December 2012, MCI Inc. entered into an agreement with Cavallo Inc. to purchase certain buses, MCI 2013 Intercity Coach Model J4500 ("the Agreement to Purchase").

   **ANSWER: NYMARINE and Cavallo admit that Cavallo entered into a purchase agreement in December 2012 for "certain buses," but deny that the bus at issue in Stensland Plaintiffs' complaint was purchased pursuant to the Agreement to Purchase of December 2012.**

95. As part of its purchase obligations, Cavallo Inc. agreed to defend, indemnify and hold harmless MCI Inc. from and against any and all claims and damages, including attorney fees, resulting from, arising out of or in connection with Cavallo Inc.'s actual or alleged negligence, recklessness, or intentional misconduct by Cavallo Inc. or any of its employees, agents, or contractors, or any breach by buyer of any of the provisions, terms, or conditions of the Agreement to Purchase.

   **ANSWER: NYMARINE and Cavallo deny Paragraph 95 and affirmatively state that any similar language is not applicable to this lawsuit or enforceable under applicable law.**

96. In this case, Plaintiff Stensland alleges Cavallo Inc. and Cavallo LLC were negligent causing the December 21, 2017 collision between the bus and van resulting in wrongful death damages.

   **ANSWER: NYMARINE and Cavallo admit that the Plaintiff made those allegations but NYMARINE and Cavallo deny the allegations in Paragraph 96 are true.**

97. To this extent, and pursuant to their contractual obligations under the Agreement to Purchase, Cavallo Inc. must defend and indemnify MCI Inc. and their failure to do so is a breach of Cavallo Inc.'s agreement to indemnify.

    **ANSWER: Paragraph 97 contains legal conclusions to which no response is required. To the extent which a response is required, NYMARINE and Cavallo deny Paragraph 97.**

98. Further, Cavallo Inc. agreed to indemnify and defend MCI Inc. for any breach of the Agreement to Purchase.

    **ANSWER: NYMARINE and Cavallo deny Paragraph 98.**

99. Cavallo Inc. breached the Agreement to Purchase by, among other things, failing to ensure that its employee, Kristi Monigan, complied with the Federal Motor Carrier Safety Regulations by, among other things, failing to activate the hazard warning signal flashers on the bus, said failure being both a breach of Section 20 of the Agreement to Purchase and a proximate cause of Cade Stensland's injuries and death.

    **ANSWER: Paragraph 99 contains legal conclusions to which no response is required. To the extent which a response is required, NYMARINE and Cavallo deny Paragraph 99.**

100. As a result of Cavallo Inc.'s and its employee's negligence and breach of contract, MCI Inc. has sustained and will sustain further damages for which Cavallo Inc. is contractually obligated, said damages being the amount paid to settle the Plaintiffs' claims, attorneys' fees, expert fees, costs and expenses, both past and future.

    **ANSWER: To the extent that Paragraph 100 contains legal conclusions, no response is required. To the extent which a response is required, NYMARINE and Cavallo deny Paragraph 100.**

## COUNTERCLAIM TWO – SET OFF

101. MCI Inc. realleges its response to Paragraph 8 above.

    **ANSWER: NYMARINE and Cavallo admit Paragraph 101.**

102. During 2017-18, Cavallo Inc. and Cavallo LLC ordered and received service and parts from, and in exchange incurred debt and account obligations to, MCI Service Parts, Inc. and MCI Sales and Service, Inc., in the respective amounts of $222,234.84 and $3,796.01.

    ANSWER: **NYMARINE and Cavallo lack knowledge or information sufficient to form a belief as to the allegations in paragraph 102 and therefore deny the same. NYMARINE and Cavallo further deny that any amount is owed to MCI Inc.**

103. On or about November 6, 2018, MCI Service Parts, Inc. and MCI Sales and Service, Inc., as assignors, assigned to MCI Inc., as assignee, in an intercompany assignment, Cavallo Inc.'s and Cavallo LLC's unpaid debt and account receivable obligations and claims against Cavallo Inc. and Cavallo, LLC, in the respective amounts of $222,234.84 and $3,796.01.

    ANSWER: **NYMARINE and Cavallo lack knowledge or information sufficient to form a belief as to the allegations in paragraph 103 and therefore deny the same. NYMARINE and Cavallo further deny that any amount is owed to MCI Inc.**

104. After notice and demand, Cavallo Inc. and Cavallo LLC have failed to pay these debt and account receivable obligations and claims.

    **ANSWER: NYMARINE and Cavallo lack knowledge or information sufficient to form a belief as to the allegations in paragraph 104 and therefore deny the same. NYMARINE and Cavallo further deny that any amount is owed to MCI Inc.**

105. Cavallo Inc. and Cavallo LLC owe MCI Inc. these debt and account receivable obligations and claims in the respective amounts of $222,234.84 and $3,796.01.

4

**ANSWER: NYMARINE and Cavallo deny Paragraph 105. NYMARINE and Cavallo further deny that any amount is owed to MCI Inc.**

106. As a result of Cavallo Inc.'s and Cavallo LLC's breach and failure to pay, MCI Inc. has incurred damages.

**ANSWER: NYMARINE and Cavallo deny Paragraph 106.**

## COUNTERCLAIM THREE- EQUITABLE CONTRIBUTION

107. MCI Inc. realleges the allegations of Paragraphs 93 through 106 as if fully set forth herein.

**ANSWER: NYMARINE and Cavallo reallege and incorporate their answers to Paragraphs 93 through 106 as if fully set forth herein, as and for its Response to Paragraph 107.**

108. Plaintiffs sued Cavallo Inc. and Cavallo LLC, alleging negligence as their sole cause of action.

**ANSWER: NYMARINE and Cavallo admit Stensland Plaintiffs' initial complaint alleged negligence against Defendants Cavallo Bus Lines, Inc., and Cavallo Bus Lines, but NYMARINE and Cavallo deny the allegations referred to in Paragraph 96 are true.**

109. On October 29, 2019, MCI Inc. and its insurance carrier contributed to the settlement of Plaintiffs' claims, subject to a full reservation of rights to pursue Cavallo Inc., Cavallo LLC, and NYMARINE for contribution. All parties and their insurance carriers agreed the settlement was reasonable.

**ANSWER: NYMARINE and Cavallo admit that Cavallo and MCI Inc., entered into a settlement agreement with Plaintiffs to resolve all of Plaintiffs' claims and admits that MCI, NYMARINE and Cavallo reserved their rights of contribution. NYMARINE and Cavallo also admit that the total settlement amount with the Stensland Plaintiffs was reasonable, but deny that Cavallo and MCI Inc., agreed the contribution levels were**

5

**reasonable and fair, as evinced by the reservation of rights asserted by Cavallo, MCI Inc., and their respective insurers.**

110. The amount paid by MCI Inc. and its insurance carrier is disproportionate to MCI, Inc.'s fault, which is expressly denied, and the amount they paid to settle Plaintiffs claims is more than equity and justice demands.

**ANSWER: NYMARINE and Cavallo deny the allegations of Paragraph 110.**

111. The sole, proximate cause of Plaintiffs injuries and damages was the negligence of Cavallo Inc., Cavallo LLC and their employee, Kristie Monigan, said negligence consisting of the following:

    A. Ms. Monigan's negligence in activating the Master Power Switch while the bus was in motion, failing to recognize what she had done, failing to take immediate corrective action, and failing to active the hazard warning signal flashers, all of which was done in the course and scope of her employment with Cavallo, Inc. and/or Cavallo, LLC, and for which Cavallo, Inc. and/or Cavallo, LLC are liable under the doctrine of respondeat superior;

    B. Cavallo Inc. and/or Cavallo LLC's negligent hiring of Ms. Monigan due to their failure to conduct the background check required by the Federal Motor Carrier Safety Regulations or to contact her references, and their further negligence in rehiring Ms. Monigan after a "leave of absence" after learning that prior to her initial hiring, she had been involved in an accident with her prior employer that she failed to disclose and further learning that while employed by Cavallo Inc. and/or Cavallo LLC she had been cited for numerous speeding and lack of insurance violations;

    C. Cavallo Inc. and/or Cavallo LLC's negligent retention of Ms. Monigan after she was disciplined multiple times for safety violations while employed by Cavallo Inc. and/or

   Cavallo LLC, and their further act of allowing Ms. Monigan to drive for Cavallo for extended periods of time while she did not hold a valid Commercial Driver's License;

   D. Cavallo Inc. and/or Cavallo LLC's negligent training of Ms. Monigan, including, but not limited to, failing to train heron the operation of the bus and further failing to train her on the Master Power Switch and other controls in the bus, such as the switch that would allow the hazard warning signal flashers to be activated even if the Master Power Switch was in the "OFF" position; and

   E. Cavallo Inc. and/or Cavallo LLC's negligent failure to maintain the bus, including, but not limited to, refusing to send a replacement bus and/or repair the bus after it experienced mechanical issues on the subject trip wherein the underlying incident occurred.

**ANSWER: NYMARINE and Cavallo deny the allegations of Paragraph 111, including subparagraphs (A) through (E).**

112. Under applicable law, Cavallo Inc., Cavallo, LLC and/or NYMARINE are required to reimburse MCI, Inc. for the difference between what MCI Inc. paid towards the settlement of Plaintiffs' claims and what it should have paid based on the parties' respective fault.

**ANSWER: Paragraph 112 contains legal conclusions to which no response is required. To the extent which a response is required, NYMARINE and Cavallo deny the allegations contained therein.**

113. Based on the foregoing, MCI Inc. is entitled to a judgment against Cavallo Inc., Cavallo LLC and NYMARINE, jointly and severally, for the amount MCI Inc. paid to settle the Plaintiffs' claims for which Cavallo Inc., Cavallo LLC, and NYMARINE are liable as a matter of law and equity, plus interest thereon.

**ANSWER: Paragraph 113 contains legal conclusions to which no response is required. To the extent which a response is required, NYMARINE and Cavallo deny the allegations contained therein.**

### COUNTERCLAIM FOUR- EQUITABLE AND IMPLIED INDEMNIFICATION

114. MCI Inc. realleges the allegations of Paragraphs 93 through 114 as if fully set forth herein.

    **ANSWER: NYMARINE and Cavallo reallege and incorporate their answers to Paragraphs 93 through 113 as if fully set forth herein, as and for its Response to Paragraph 114.**

115. Plaintiffs sued Cavallo Inc. and Cavallo LLC, alleging negligence as their sole cause of action.

    **ANSWER: NYMARINE and Cavallo admit Stensland Plaintiffs' initial complaint alleged negligence against Defendants Cavallo Bus Lines, Inc. and Cavallo Bus Lines, LLC, but NYMARINE and Cavallo deny the allegations referred to in Paragraph 115 are true.**

116. On October 29, 2019, MCI Inc. and its insurance carrier contributed to the settlement of Plaintiffs' claims, subject to a full reservation of rights to pursue Cavallo Inc., Cavallo LLC, and NYMARINE for indemnity. All parties and their insurance carriers agreed the settlement was reasonable.

    **ANSWER: NYMARINE and Cavallo admit that Cavallo and MCI Inc. entered into a settlement agreement with Cavallo, MCI Inc., and their respective insurers maintaining a full reservation of rights against one another and admits that MCI, NYMARINE and Cavallo reserved their rights of contribution. NYMARINE and Cavallo also admit that the total settlement amount with the Stensland Plaintiffs was reasonable, but deny that Cavallo and MCI Inc. agreed the contribution levels were reasonable and fair, as evinced by the reservation of rights asserted by Cavallo, MCI Inc., and their respective insurers.**

117. The sole, proximate cause of Plaintiffs' injuries and damages was the negligence of Cavallo Inc. and Cavallo LLC and its employee, Kristie Monigan, said negligence consisting of the following:

    A. Ms. Monigan's negligence in activating the Master Power Switch while the bus was in motion, failing to recognize what she had done, failing to take immediate corrective action, and failing to activate the hazard warning signal flashers, all of which was done in the course and scope of her employment with Cavallo, Inc. and/or Cavallo, LLC, and for which Cavallo, Inc. and/or Cavallo, LLC are liable under the doctrine of respondeat superior;

    B. Cavallo Inc. and/or Cavallo LLC's negligent hiring of Ms. Monigan due to their failure to conduct the background check required by the Federal Motor Carrier Safety Regulations or to contact her references, and their further negligence in rehiring Ms. Monigan after a "leave of absence" after learning that prior to her initial hiring, she had been involved in an accident with her prior employer that she failed to disclose and further learning that while employed by Cavallo Inc. and/or Cavallo LLC she had been cited for numerous speeding and lack of insurance violations;

    C. Cavallo Inc. and/or Cavallo LLC's negligent retention of Ms. Monigan after she was disciplined multiple times for safety violations while employed by Cavallo Inc. and/or Cavallo LLC, and their further act of allowing Ms. Monigan to drive for Cavallo for extended periods of time while she did not hold valid Commercial Driver's License;

    D. Cavallo Inc. and/or Cavallo LLC's negligent training of Ms. Monigan, including, but not limited to, failing to train her on the operation of the bus and further failing to train heron the Master Power Switch and other controls in the bus, such as the switch that

    would allow the hazard warning signal flashers to be activated even if the Master Power Switch was in the "OFF" position;

E.    Cavallo Inc. and/or Cavallo LLC's negligent failure to maintain the bus, including, but not limited to, refusing to send a replacement bus and/or repair the bus after it experienced mechanical issues on the subject trip wherein the underlying incident occurred.

**ANSWER: NYMARINE and Cavallo deny Paragraph 117, including subparagraphs (A) through (E).**

118.    Under applicable law, Cavallo Inc., Cavallo, LLC and/or NYMARINE are required to reimburse MCI Inc. for the entire amount MCI Inc. paid towards the settlement of Plaintiffs' claims, as any negligence or other wrongdoing on the part of MCI Inc. did not contribute to nor proximately cause injuries and damages to Plaintiffs.

**ANSWER: Paragraph 118 contains legal conclusions to which no response is required. To the extent which a response is required, NYMARINE and Cavallo deny the allegations contained therein.**

119.    Based on the foregoing, MCI Inc. is entitled to a judgment against Cavallo Inc., Cavallo LLC and NYMARINE, jointly and severally, for the entire amount MCI Inc. paid to settle the Plaintiffs' claims, as required by equity, plus interest thereon.

**ANSWER: Paragraph 119 contains legal conclusions to which no response is required. To the extent which a response is required, NYMARINE and Cavallo deny the allegations contained therein.**

## COUNTERCLAIM FIVE- DECLARATORY JUDGMENT

120.    MCI Inc. realleges the allegations of Paragraphs 93 through 119 as if fully set forth herein.

**ANSWER: NYMARINE and Cavallo reallege and incorporate their answers to Paragraphs 93 through 119 as if fully set forth herein, as and for its Response to Paragraph 120.**

121. In the event the Court determines that the parties' rights, remedies, claims, causes of action, and defenses are governed by Illinois law, then MCI Inc. seeks a declaration from this Court that, pursuant to the Illinois Tortfeasor Contribution Act (740 ILCS § 100/2), Third-Party Plaintiffs' claims for equitable and implied indemnification are barred by Illinois Tortfeasor Contribution Act.

    **ANSWER: Paragraph 121 contains legal conclusions to which no response is required. To the extent which a response is required, NYMARINE and Cavallo deny the allegations contained therein.**

122. The Illinois Tortfeasor Contribution Act bars all claims for implied indemnity, but does not bar claims for express contractual indemnity.

    **ANSWER: Paragraph 122 contains legal conclusions to which no response is required. To the extent which a response is required, NYMARINE and Cavallo deny the allegations contained therein.**

123. MCI Inc. does not owe Third-Party Plaintiffs' any express contractual indemnity; rather, it is Cavallo Inc. that owes such express contractual indemnity to MCI Inc.

    **ANSWER: Paragraph 123 contains legal conclusions to which no response is required. To the extent which a response is required, NYMARINE and Cavallo deny the allegations contained therein.**

124. Thus, in the event Illinois law governs the parties' rights, remedies, claims, causes of action, and defenses, then MCI Inc. is entitled to a declaration from this Court finding that Third-Party Plaintiffs are barred from pursuing equitable and implied indemnification from MCI Inc.

**ANSWER: Paragraph 124 contains legal conclusions to which no response is required. To the extent which a response is required, NYMARINE and Cavallo deny the allegations contained therein.**

### **AFFIRMATIVE DEFENSES TO MCI'S FIRST AMENDED COUNTERCLAIMS**

125. For their affirmative defenses to MCI Inc.'s First Amended Counterclaims, Cavallo and NYMARINE allege the following: any obligation NYMARINE and Cavallo may have owed to MCI, Inc. was satisfied by the payment to Plaintiffs Stenslands, and/or Cavallo and NYMARINE are entitled to a setoff; MCI is barred from any recovery due to its contributory negligence and/or comparative fault; MCI is not entitled to recover under breach of contract due to improper notice of breach; MCI is not entitled to recover under breach of contract due to a failure of a condition precedent; MCI lacks standing to assert its claims against Cavallo related to the financing agreement; MCI lacks privity to enforce financing agreement against Cavallo; MCI is a volunteer in its payments and, therefore, not entitled to its claimed amounts; MCI's claims against Cavallo are barred because Cavallo is no longer the real party in interest to the extent of settlement paid by NY Marine; The original Plaintiffs are a third party to any contractual agreement, and MCI lacks privity to enforce contractual terms against their damages; MCI's claimed contractual terms are unconscionable, illegal, and against public policy, as applied; The doctrine of unclean hands bars MCI's equitable claims; MCI must be equitably estopped from asserting its claims; Enforcement of purchase agreement is barred by the Statute of Frauds; NY Marine and Cavallo hereby give notice that they may rely on other

defenses if and when such defenses become known during the course of litigation, and reserve the right to amend their answer to assert any other defenses as become known or available.

WHEREFORE, NYMARINE and Cavallo pray for judgment against MCI and Doe Corporations 1-5 as follows:

A. For judgment in Cavallo and NYMARINE's favor on its claims against MCI and Doe Corporations 1-5;

B. For equitable contribution in an amount according to proof at trial;

C. For equitable and implied indemnification for the amount paid by NYMARINE in settlement of Plaintiffs' claims;

D. For any and all economic and non-economic damages Cavallo and NYMARINE may be entitled to under law, including reasonable attorneys' fees, costs, and disbursements; and

E. For all other appropriate relief to which Cavallo and NYMARINE are entitled under the law.

Dated: April 13, 2020.

    GUNDERSON, PALMER, NELSON & ASHMORE, LLP

By: */s/ J. Crisman Palmer*
    J. Crisman Palmer
    Katelyn A. Cook
    Attorneys for Defendants, Cavallo Bus Lines, LLC and Cavallo Bus Lines, Inc.
    506 Sixth Street
    P.O. Box 8045
    Rapid City, SD 57709
    Telephone: (605) 342-1078
    Telefax: (605) 342-9503
    Email: cpalmer@gpna.com
        katie@gpna.com